[27 NYS3d 250]

In the Matter of ANTHONY D. DENARO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 16, 2016

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Thomas F. Liotti*, Garden City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated October 21, 2014, containing two charges of professional misconduct. A preliminary conference was held on May 21, 2015, and thereafter, as agreed by the parties, the Grievance Committee served an amended petition dated May 28, 2015. After a hearing held on June 25, 2015, the Special Referee sustained all charges. The petitioner now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as this Court deems just and proper. The respondent, by his attorney, cross-moves to disaffirm the report of the Special Referee.

Based upon the respondent's admissions, his sworn testimony, and the other evidence adduced, we find that the facts are as follows:

On or about April 25, 2012, Belgica Tomala entered into a retainer agreement with the respondent for an uncontested divorce action against her husband, Eduardo Velasquez. On July 20, 2012, the respondent filed a summons and verified complaint in an action entitled *Tomala v Velasquez*, in the Supreme Court, Nassau County, under index No. 202042/2012. Thereafter, Tomala and Velasquez agreed to settle the divorce action and executed a stipulation of settlement on July 26, 2012. On January 30, 2013, the respondent filed the stipulation of settlement, a request for judicial intervention for an uncontested divorce, and a note of issue.

Prior to the issuance of a judgment of divorce, Velasquez, by his attorney, served an order to show cause dated March 27, 2013 (hereinafter the OSC) seeking to vacate the stipulation of

settlement. In response, the respondent filed opposition papers on behalf of Tomala. He also entered into a second retainer agreement dated April 5, 2013 with Tomala for a contested divorce.

On the return date of the OSC, April 8, 2013, the respondent, Tomala, Velasquez, and his attorney entered into a so-ordered stipulation, which, in relevant part, provides that "[t]he parties, by their counsel, hereby agree to discontinue the instant action forthwith, without prejudice." In reviewing this document with Tomala before she signed it, the respondent advised her that the OSC would be withdrawn. He did not inform Tomala that by signing the stipulation, she consented to the discontinuance of the divorce action.

On or about June 4, 2013, the Supreme Court returned to the respondent all the documents he had previously filed in Tomala's divorce action, with a notation "case was discontinued." By letter dated June 7, 2013, the respondent advised the court that he did not "agree or sign a stipulation withdrawing or discontinuing the divorce action." He requested the court to conduct a sua sponte inquiry "to determine how, who, what, when and upon what authority the plaintiff's action was deemed discontinued."

Approximately eight months thereafter, on February 14, 2014, the respondent filed a motion for a declaratory judgment, seeking an order that "confirms . . . the plaintiff . . . and her attorney Anthony Denaro, Esq., did not at any time agree to or consent to withdraw the uncontested divorce." He also sought an "[o]rder to restore . . . [the] uncontested divorce for processing for final judgment."

By order dated April 11, 2014, the Supreme Court denied the respondent's motion and found that "[o]n April 8, 2013, the parties entered into a stipulation, duly acknowledged by their respective attorneys pursuant to which they agreed to 'discontinue the instant action forthwith, without prejudice.'"

Based upon the foregoing, charge one of the petition alleges that the respondent failed to provide competent representation to a client, and charge two alleges that he neglected a legal matter entrusted to him, in violation of rules 1.1 (a) and 1.3 (b), respectively, of the Rules of Professional Conduct (22 NYCRR 1200.0).

We find that the respondent failed to competently represent Tomala and neglected her legal matter. Notwithstanding Toma-

la's desire to pursue the pending uncontested divorce action, the respondent counseled her to sign the stipulation, without informing her that, in doing so, she was consenting to the discontinuance of that action. The respondent's claim that he believed the stipulation was limited to a withdrawal of the OSC is belied by the clear and unambiguous terms of the stipulation. While the respondent now admits that he made a "mistake," the Special Referee found, and we agree, that "it was an error that went to the heart of his competence in this particular matter." Once the respondent discovered the divorce action had been discontinued, he sent a letter to the judge claiming a court error, and filed a motion for declaratory judgment, some eight months thereafter. In undertaking both actions, the respondent failed to recognize the clear import of the terms of the stipulation.

Furthermore, during the course of the respondent's representation of Tomala, the Special Referee found that there were "[s]ubstantial gaps in activity." The respondent delayed filing the settlement agreement for approximately six months, and later, delayed taking corrective action once the divorce action was discontinued. In this regard, the Special Referee found, and we agree, that "[n]either of these periods during which respondent took no affirmative action is adequately explained by the respondent."

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted, and the respondent's cross motion is denied.

In mitigation, the respondent asks this Court to consider, inter alia, his 50 years as an admitted attorney, as well as the evidence of the serious health problems he and his family endured, and of his good character. Nevertheless, the respondent's extensive disciplinary history, which spans nearly 20 years and includes seven letters of caution and five admonitions, is a substantial factor in aggravation.

Under the totality of the circumstances, we find that the respondent's professional misconduct warrants his suspension from the practice of law for a period of six months.

ENG, P.J., MASTRO, RIVERA, DILLON and CHAMBERS, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion to disaffirm the report is denied; and it is further,

Ordered that the respondent, Anthony D. Denaro, is suspended from the practice of law for a period of six months, commencing April 18, 2016, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 19, 2016. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (4), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Anthony D. Denaro, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Anthony D. Denaro, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).